UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUGHN K. ROBINSON, | No. 2:22-cv-1641 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SCOTTINI, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff's motion for summary judgment is pending.  In opposition to the motion, defendant provided the declaration of nonparty R. Hart, an investigator with the Investigative Services Unit at California State Prison.  Officer Hart investigated plaintiff's Prison Rape Elimination Act ("PREA") allegations against defendant and provided a declaration as to his review of video from both June 7, 2022, and June 8, 2022.  However, defendant did not provide a copy of the video for the court's review.  Within fourteen days from the date of this order, defendant shall provide a copy of the video footage reviewed by Officer Hart.  Moreover, because such video is highly relevant to plaintiff's claims herein and plaintiff is entitled to view such video, defendant shall inform the court whether plaintiff was also provided an opportunity to view the video footage.

In addition, plaintiff requests that the court appoint counsel.  District courts lack authority

to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate the claims pro se considering the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet the burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, defendant shall provide a copy of the video footage reviewed by ISU Officer R. Hart, and inform the court whether plaintiff was provided an opportunity to view the relevant video footage.

2. Plaintiff's motion for the appointment of counsel (ECF No. 31) is denied without prejudice.

Dated: November 9, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/robi1641.fb.31