UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUGHN ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTTINI,<br><br>　　　　　Defendant. | No.  2:22-cv-1641 KJM CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff's motion to compel is before the court.  (ECF No. 45.)  As set forth below, plaintiff's motion is denied.

The Parties' Positions

In plaintiff's motion to compel, plaintiff declares that on January 18, 2024, plaintiff signed a "single production of document request," but has not yet received a response.  (ECF No. 45 at 1.)  Plaintiff states that the request sought "any and all videos on B-7 when [defendant] worked and April through May. . . ."  (Id.)  Further, plaintiff claims that a meet and confer would be too late to meet the discovery deadline.  (Id.)

In opposition, defendant objects that no such discovery request was received and plaintiff did not provide a copy of the purported discovery request or a copy of the proof of service corroborating plaintiff served the request.  (ECF No. 47.)  Defendant confirms that on or about January 30, 2024, four requests for production of documents seeking various documents were

received, but none of the requests sought production of video footage. (Id.) Despite plaintiff's failure to seek video footage in the discovery requests received by defendant, counsel for defendant obtained video footage from May 19, 2022, one of the days defendant worked in B7, and was making arrangements for plaintiff to view the footage at Salinas Valley State Prison where plaintiff is currently housed. (Id.) No other video footage for any of the dates defendant worked in B7 has been located, and "none is believed to exist." (ECF No. 47 at 3.) Defendant also provided a copy of defendant's responses to plaintiff's first set of requests for production of documents. (ECF No. 47 at 5-8.)

Plaintiff did not file a reply.

Motions to Compel Discovery

    A.  Standards Governing Discovery Disputes

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738, at *1 (E.D. Cal. Jun. 9, 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). If a court grants the motion, then the court must order the party "whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or

objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

   B. Discussion

Plaintiff's motion to compel was signed under penalty of perjury on March 14, 2024, one day before the discovery deadline expired, and therefore the motion is timely. However, as argued by defendant, plaintiff failed to provide a copy of the discovery request or the proof of service attesting to service of the purported request for production of video footage on defendant. In addition, plaintiff failed to reply to defendant's opposition, and defendant's responses to the plaintiff's first request for production of documents confirms that plaintiff did not seek video footage in such request. Because it appears plaintiff failed to properly serve a request to produce video footage, plaintiff's motion to compel is denied. The Court appreciates the defendant planning for plaintiff to view the May 19, 2022 video footage despite plaintiff's failures.

As set forth above, the Court would normally be required to order plaintiff to pay defendant's reasonable expenses in opposing plaintiff's motion. However, because plaintiff is indigent, and proceeding in forma pauperis, the Court finds such an order would be unjust.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 45) is denied.

Dated: May 10, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1641.mtc

---

[1] That said, plaintiff is cautioned to take care when filing motions, and when signing court filings under penalty of perjury. Courts have dismissed an action with prejudice for failure to comply with a court order, for failure to prosecute, and for failure to comply with local rules. See, e.g., Malone v. United States Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); see also Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (dismissal for failure to prosecute and for failure to comply with local rules); see also ECF No. 26 at 8 ¶ 17.