UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUGHN ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTTINI,<br><br>　　　　Defendant. | No. 2:22-cv-1641 DC CSK P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  On November 26, 2024, the Court received a document styled "Motion to Reconsider," filed by a prisoner named Durrell Puckett "as the attorney of record."  (ECF No. 59.)  Mr. Puckett is not an attorney licensed by the State of California[1] and cannot represent a fellow prisoner.  See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself") (internal quotations and citation omitted); see also Jorss v. Schwarzenegger, 168 F. App'x 825, 826 (9th Cir. 2006) (finding the district court properly dismissed the complaint because the pro se prisoner plaintiff could not represent others).  In the future, Mr. Puckett shall refrain from filing documents in this action.

---

[1] The State Bar of California maintains a list of all attorneys licensed to practice law in the State of California.  https://apps.calbar.ca.gov/attorney/LicenseeSearch/ (accessed Dec. 2, 2024).

1

Usually, the Court would strike a filing made by another prisoner on behalf of the plaintiff. However, the motion is also signed by plaintiff. Therefore, the Court will address the motion.

First, although the motion is styled as a motion for reconsideration, the motion does not identify what specific order plaintiff seeks to have reconsidered. The motion does not comply with the Eastern District's Local Rules, which require the moving party to address the following:

> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j). Further, to the extent plaintiff asks the Court to view video footage at this time, plaintiff's request is denied. There is no dispositive motion pending, or recently decided, and the parties have filed pretrial statements. Thus, the motion for reconsideration is denied without prejudice.

Second, plaintiff asks the Court to schedule a settlement conference. In his pretrial statement, defendant indicated he would be amenable to attending a settlement conference before this case is set for trial. (ECF No. 57 at 1, 8.) Therefore, Magistrate Judge Allison Claire was randomly assigned to hold a settlement conference in this case. Within fourteen days from the date of this order, counsel for defendant shall contact Judge Claire's courtroom deputy, Jonathan Anderson, (916) 930-4199 or janderson@caed.uscourts.gov, to schedule a settlement conference in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Inmate Durrell Puckett, #G-05549, shall refrain from filing documents in this case.
2. In addition to the parties, the Clerk of the Court is directed to serve a copy of this order on Durrell Puckett, #G-05549, California State Prison, Corcoran, P.O. Box 3476, Corcoran, CA 93212.

3. Plaintiff's motion for reconsideration (ECF No. 59) is denied.

4. Plaintiff's request to set the matter for settlement conference (ECF No. 59) is granted. Within fourteen days from the date of this order, counsel for defendant shall contact Judge Claire's courtroom deputy, Jonathan Anderson, (916) 930-4199 or janderson@caed.uscourts.gov, to schedule a settlement conference in this action.

Dated: December 4, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/robi1641.nonp